UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
DEC - 6 2015
_____
DEPUTY CLERK

CRAIG CUNNINGHAM, Pro-se )
)
*Plaintiff* )
) CIVIL ACTION NO.:
v. )
)
United Collection Bureau )

*Defendants.*

### Plaintiff's Original complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, United Collection Bureau is an Ohio Corporation and can be served via registered agent: Corporation Service Company, 50 W. Broad Street, ste 1800 Columbus, Oh, 43215.

### Jurisdiction

3. Jurisdiction of this court arises as the acts happened in this county.

4. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

### FACTUAL ALLEGATIONS

5. In December 2014, the Plaintiff received a debt collection phone call to the Plaintiff's cell phone which connected the Plaintiff to an agent. The Plaintiff called was told that the agent was calling for Brandon Callier. The Plaintiff's cell phone has never been owned or used by Brandon Callier at any point. The Plaintiff was never asked any location identification information regarding Brandon Callier and when specifically asked, they stated that they were not calling for the acquisition of location information.

6. They stated that they knew it was a possible phone number for Brandon Callier, but refused to state where they obtained the Plaintiff's phone number other than generally saying it was from some database. When the Plaintiff pressed further to identify the database or source of the information, the Defendants refused to state how or why they obtained the Plaintiff's phone number and continually danced around answering the question of where they obtained the Plaintiff's number.

7. This is just one of many harassing debt collection calls the Plaintiff has received, and the Plaintiff has not been able to ascertain where this erroneous information is coming from, and as the debt collectors are just content to knowingly call what could be wrong numbers, the Plaintiff is therefore subjected to multiple harassing phone calls.

8. The Plaintiff alleges that Defendant United Recovery is a debt collector as defined by the FDCPA.

9. The Plaintiff is a third party, and the communication violated 15 USC 1692(c)(a)(b), which generally prohibits communication with 3rd parties, as Brandon did not give consent to speak with the Plaintiff regarding the debt, and

the call was not being made for the purpose of acquiring location information as defined by 15 USC 1692(b). The Debt collector was taking a flyer just dialing possible numbers, knowing full well that they were quite likely to reach an innocent 3rd party. This is harassing behavior likely to annoy a reasonable person in violation of 15 USC 1692(d).

10. Upon information and belief, the Defendant also used an automated telephone dialing system to call the Plaintiff's cell phone in violation of the TCPA, 47 USC 227.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Fair Debt Collection Practices Act (FDCPA)

11. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

12. The foregoing actions by the Defendants constitute multiple breaches of the FDCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message that failed to contain the name, address, and phone number for the entity for which the calls are being place as required under the TCPA. Additionally, these calls violated the Plaintiff's request for no further calls.

### COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

13. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

14. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls with pre-recorded messages to the Plaintiff's Cell phone.

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $1500 for each phone call and $1,000 under the FDCPA.

C. Pre-judgment interest from the date of the phone calls.

D. Punitive damages for all claims in the amount of $25,000

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham
Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

828-291-7465  
December 30th, 2014